UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. OLIVER, SR., | No. 2:13-cv-01602 DAD P |
| Plaintiff, | |
| v. | ORDER |
| ALAN V. PINESCHI, et al., | |
| Defendants. | |

Plaintiff is an inmate at the Placer County Jail and proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On August 8, 2013, the court ordered plaintiff to submit a certified copy of his inmate trust account statement in support of his application requesting leave to proceed in forma pauperis. (ECF No. 4.) On August 13, 2013, plaintiff filed a response, asserting that a certified copy of his trust account statement was attached to his complaint.[1] (ECF No. 7 at 1.) The court has again reviewed plaintiff's complaint filed with this court and determined that there is no trust account statement attached thereto. The court will provide plaintiff with a final opportunity to submit the required trust account statement. Failure to do so will result in the dismissal of this action.

---

[1] On August 16, 2013, plaintiff filed a second application requesting leave to proceed in forma pauperis. However, no certified copy of his trust account statement was included with that application either. (ECF No. 9.)

1

1     Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

    The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's August 12, 2013 motion for the appointment of counsel (ECF No. 6) is denied.

2. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint, and include the case name and case file number for this action. Plaintiff's failure to comply with this order will result in the dismissal of this action without prejudice.

Dated: September 16, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
oliv1602.3c.second