UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JEROME OLIVER, SR., | No. 2:13-cv-01602 DAD P |
| Plaintiff, | |
| v. | ORDER |
| ALAN V. PINESCHI, et al., | |
| Defendants. | |

Plaintiff, a former Placer County Jail inmate, is proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 5.)

**I. In Forma Pauperis Application**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the September 26, 2013 request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.[1] Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Plaintiff's Amended Complaint**

Plaintiff's original complaint was filed with the court on August 2, 2013. Before the court had an opportunity to screen that complaint, plaintiff filed an amended complaint which is now the operative pleading in this action. In his amended complaint plaintiff states his claim, in its entirety, as follows:

> Defendant Pineschi acting in the capacity of Presiding Judge of Placer County Superior Court failed to protect Plaintiff from irreparable harm on March 27, 2013. On April 3, 2013, Defendants J.R. Couzons and DDA Deslaurier conspired to false imprison plaintiff on an allege misdemeanor "NO BAIL" hold.
>
> On April 24, 2013, Defendant Saint Evens violated Plaintiffs [sic] substantive and prodecural [sic] due process. Defendant Weber conspired with Defendant DeSlaurier on July 5, 2013, to charge plaintiff with the crime of PC 71.[2]

---

[1] On November 20, 2013, plaintiff filed a notice of change of address with the court, reporting a private address of record in place of the Placer County Jail. (ECF No. 16.) Plaintiff has not represented to this court, however, that he is no longer in custody and the court is unaware of plaintiff's custody status. Accordingly, in the event that plaintiff is no longer in their custody the appropriate agency is relieved of the obligation to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

[2] California Penal Code § 71 provides:

> (a) Every person who, with intent to cause, attempts to cause, or causes, any [public] officer . . . to do, or refrain from doing, any act in the performance of his duties, by means of a threat . . . and it reasonably appears to the recipient of the threat that such threat could be carried out, is guilty of a public offense punishable as follows . . . .

According to allegations included in a motion for declaratory relief and preliminary injunction which plaintiff has filed in this action (ECF No. 15), he was charged with violating Penal Code §71 when he sent Placer County Superior Court Judge Alan V. Pineschi an email that was construed as threatening. (Id. at 4.)

(ECF No. 8 at 3.) Named defendants Pineschi, Couzens, and Saint-Evens are judges of the Placer County Superior Court[3], defendant Deslaurier is a Placer County Deputy District Attorney and defendant Weber is an investigator for the Placer County District Attorney's office. (Id. at 2.) In terms of relief, plaintiff in his amended complaint vaguely seeks an unspecified injunction "related to this ongoing violation of his rights[,]" and any other equitable relief the court deems necessary. (Id.)

**III. Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550

---

[3] See www.placer.courts.ca.gov.

1    U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
2    allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
3    (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and
4    resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
5    **IV. Analysis**
6        In his amended complaint, plaintiff challenges the involvement of the named defendants
7    in criminal charges being brought against him for violating California Penal Code § 71 that
8    resulted in his arrest and detention.
9            A. Younger Abstention Doctrine
10        Plaintiff does not allege in his amended complaint that his state criminal proceedings, or
11   appellate proceedings relating thereto, have concluded.  In fact, in his motion for declaratory and
12   injunctive relief pending before this court, plaintiff indicates that on June 13, 2013 - a month and
13   a half before this civil rights action was commenced - his preliminary hearing was held in state
14   court on the charge of violating California Penal Code § 71.  (ECF No. 15 at 3.)  In that same
15   motion, plaintiff contends This timing would suggest that those criminal proceedings may well
16   still be pending.
17        Of course, absent extraordinary circumstances, this court is barred from directly
18   interfering with any  ongoing criminal proceedings against plaintiff in state court.  See Younger v.
19   Harris, 401 U.S. 37, 46 & 48–50 (1971); Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012)
20   ("abstention principles generally require a federal district court to abstain from exercising
21   jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial
22   Clause as an affirmative defense to state prosecution."); Carden v. Montana, 626 F.2d 82, 84 (9th
23   Cir. 1980) (exceptions to the general rule of federal abstention arise only in "cases of proven
24   harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a
25   valid conviction," or "in other extraordinary circumstances where irreparable injury can be
26   shown.").
27        Younger abstention is appropriate when the following criteria are met:  (1) state judicial
28   proceedings are pending; (2) the state proceedings implicate important state interests; and (3) the

1  state proceedings provide an adequate opportunity in state court to raise constitutional challenges.
2  See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).
3  If the criminal charges brought against plaintiff in state court are still pending, this case would
4  clearly meet the Younger abstention criteria.  First, if plaintiff's criminal proceedings are still
5  pending, any relief granted here would obviously interfere with those proceedings – in fact it
6  would appear that this is precisely what plaintiff may be seeking in terms of relief in this civil
7  rights action.  Second, any such ongoing criminal proceedings would clearly implicate important
8  state interests.  See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that
9  the States' interest in administering their criminal justice systems free from federal interference is
10 one of the most powerful of the considerations that should influence a court considering equitable
11 types of relief.")  Finally, plaintiff has an adequate opportunity in state court to raise any
12 constitutional challenge to his criminal prosecution.  See Lebbos v. Judges of the Superior Court,
13 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and
14 federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have
15 been or could be presented in ongoing state judicial proceedings that concern important state
16 interests.'")

17         Lastly, plaintiff has failed to establish that any exception to the Younger abstention
18 doctrine would apply in this case.  In this regard,

> If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for Younger abstention are met. See Gibson v. Berryhill, 411 U.S. 564, 578–79, 93 S. Ct. 1689, 36 L.Ed.2d 488 (1973) (holding that Younger abstention did not apply to a suit to enjoin a proceeding before an administrative board that had a pecuniary interest in the outcome); Partington v. Gedan, 961 F.2d 852, 861 (9th Cir. 1992) (referring to the "'bad faith and harassment' exception" to Younger abstention).

24 Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir. 2003).  See also Dubinka v.
25 Judges of the Superior Court, 23 F.3d 218, 225–26 (9th Cir. 1994) (a federal court need not
26 abstain in "extraordinary circumstances" such as when the state court proceedings are undertaken
27 in bad faith or for purposes of harassment or are based upon a statute that is "flagrantly and
28 patently violative of express constitutional prohibitions in every clause, sentence and

1 paragraph[.]")); Lebbos, 883 F.2d at 816.

2     In short, here it appears plaintiff may well be seeking to have this court intervene in an ongoing state criminal prosecution — precisely the type of circumstance to which Younger abstention was intended to apply.

    B.  Rooker-Feldman Doctrine and The Absence of Jurisdiction

    Even if plaintiff's criminal proceedings in state court are over, this court lacks jurisdiction over any challenge plaintiff may be posing to any state court judgment rendered in that action. Under the Rooker–Feldman doctrine, a federal district court is precluded from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker–Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well. Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

    The Rooker–Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted). "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker–Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164). See also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker–Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state

1  judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S.

2  997, 1005–06 (1994)), cert. denied 547 U.S. 1111 (2006).  "Thus, even if a plaintiff seeks relief

3  from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also

4  alleges a legal error by the state court."  Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal. As part of that refusal, it must also refuse to decide any issue raised in the suit that is "inextricably intertwined" with an issue resolved by the state court in its judicial decision.

9  Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158).  See also Exxon, 544 U.S. at 286 n. 1

10 (stating that "a district court [cannot] entertain constitutional claims attacking a state-court

11 judgment, even if the state court had not passed directly on those claims, when the constitutional

12 attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S.

13 at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised

14 in the federal court action are 'inextricably intertwined' with the state court's decision such that

15 the adjudication of the federal claims would undercut the state ruling or require the district court

16 to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n.

17 16, 485).  Thus, to the extent that plaintiff is attempting to challenge any rulings made in

18 connection with his criminal proceedings in state court, this court lacks jurisdiction under the

19 Rooker-Feldman doctrine.

20      C.  Heck v. Humphrey Bar

21      It is well established that "a state prisoner's § 1983 action is barred (absent prior

22 invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the

23 prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in

24 that action would necessarily demonstrate the invalidity of confinement or its duration."

25 Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005) (emphasis in original).  See also Edwards v.

26 Balisok, 520 U.S. 641, 648 (1997) (dismissing a § 1983 action for declaratory relief and monetary

27 damages because a successful challenge to procedures used in disciplinary hearing would

28 necessarily imply the invalidity of the punishment imposed); Heck v. Humphrey, 512 U.S. 477,

7

1 486–87 (1994) (finding a § 1983 action for damages that was based on "actions whose
2 unlawfulness would render a conviction or sentence invalid" when the conviction or sentence has
3 not yet been reversed, expunged, or otherwise invalidated to be barred).

4 Here, plaintiff appears to be alleging that the defendant Placer County Superior Court
5 Judges, a Deputy District Attorney and a District Attorney investigator were involved in a
6 conspiracy to bring false charges against plaintiff and to violate his due process rights. If plaintiff
7 was convicted of the charges brought against him state court and is in this action attempting to
8 challenge that conviction or the manner in which it was obtained, such a claim would necessarily
9 imply the invalidity of his conviction. Plaintiff has not demonstrated that the charge or
10 conviction for violation of Penal Code § 71 have been reversed, expunged or invalidated. See
11 Guerrero v. Gates, 442 F.3d 697, 705 (9th Cir. 2006) (holding a § 1983 conspiracy claim in
12 connection with a plaintiff's arrest and prosecution barred by Heck); Garber v. City of Los
13 Angeles General Services Dept., 509 Fed. Appx. 667 (9th Cir. 2013) ("The district court properly
14 granted judgment on the pleadings on Garber's claims alleging unlawful search and seizure,
15 conspiracy and malicious prosecution because those claims are barred" by Heck); Doss v. Curran,
16 Case No.: C 14-0778 CW (PR), 2014 WL 1102510 at * 1 (N.D. Cal. Mar. 18, 2014) (holding that
17 plaintiff's "claims that Defendants violated his constitutional rights by issuing an illegal warrant,
18 illegally arresting him and falsely imprisoning him . . . [if] proven true . . . would imply the
19 invalidity of his conviction.")

20 Therefore, to the extent that plaintiff's claims of conspiracy, due process violations and
21 failure to protect him from irreparable harm are an attempt on his part to challenge his conviction
22 in state court or the proceedings that resulted in such a conviction, they are subject to dismissal
23 without prejudice as barred by the decision in Heck.

24 D. Denial of Leave to Amend

25 As can be gleaned from the analysis set forth above, plaintiff's amended complaint is
26 somewhat difficult to decipher as is the precise nature of his claims. However, whether construed
27 as an attempt to have this federal court intervene in ongoing criminal proceedings, review
28 decisions of the state court made in the course of criminal proceedings or as a challenge to a

1  judgment entered in state court the amended complaint filed in this court is subject to dismissal.

2        The undersigned has carefully considered whether plaintiff may amend his amended
3  complaint to state any claim upon which relief can be granted.  "Valid reasons for denying leave
4  to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.
5  Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.1988).  See also Klamath-Lake
6  Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that,
7  while leave to amend shall be freely given, the court need not allow futile amendments).  Here,
8  leave to amend would be futile in light of the clear deficiencies of the amended complaint noted
9  above.  Accordingly, the court will dismiss without leave to amend.

10 **V. Motion for Declaratory Relief and Preliminary Injunction**

11       On October 16, 2013, plaintiff filed with this court a motion seeking declaratory judgment
12 and a preliminary injunction, the terms of which were not specified by plaintiff.  (ECF No. 15 at
13 20-23.)  In any event, in light of this order dismissing plaintiff's amended complaint without
14 leave to amend, the motion for a declaratory judgment and a preliminary injunction will be
15 denied.

16 **VI. Conclusion**

17       In accordance with the above, IT IS HEREBY ORDERED that:

18       1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 9 and 14) is
19 granted;

20       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
21 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
22 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
23 Sheriff of Placer County Jail filed concurrently herewith;

24       3. Plaintiff's October 16, 2013 motion for declaratory relief and preliminary injunction
25 (ECF No. 15) is denied; and

26       4. This action is dismissed without prejudice.

27 Dated:  April 10, 2014

28 

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE